## THE PEOPLE *v.* PADRÓ ET. AL.

### APPEAL from the District Court of Mayagüez.

No. 19.—Decided June 27, 1903.

APPEAL.—MISDEMEANOR.—No appeal lies to the Supreme Court in cases of misdemeanor.

ID.—MISDEMEANOR.—FINE IMPOSED.—When a defendant has been sentenced to pay a fine only, the offense should be considered a misdemeanor for all purposes after the rendition of judgment, and therefore no appeal lies.

### STATEMENT OF THE CASE.

This case is pending before us on appeal taken by Isaac Padró and Felipe Reyes, from a judgment of the District Court of Mayagüez, rendered in a criminal prosecution instituted against them for a crime against the election law.

In said judgment, entered on May 2, 1903, after a trial by jury, it was held to have been proven that on October 14, of the year next preceding, Isaac Padró, Felipe Reyes and Serafín Agostini were acting as judges at precinct 27 in the town of Añasco, for the purpose of making the registration for the general election which was to be held on November 4, of the same year. On aforesaid day one Bernabé Pérez, who had been residing for over six months in a *barrio* of said municipal district, appeared before them with the intention of having his name registered, but the judges Isaac Padró and Felipe Reyes, the defendants, refused to register his name. Thereupon the said Bernabé Pérez went away, and returning later, filed an affidavit wherein it was stated that he was entitled to registration as a duly qualified voter, because he knew how to read and write. Notwithstanding this he was again refused registration, and Bernabé Pérez was for this reason unable to cast his vote on November 4, aforesaid.

The jury brought in a veredict of guilty, recommending extreme clemency, and Isaac Padró and Felipe Reyes were sentenced by the presiding judge to pay a fine of one hundred dollars and each to pay half the costs.

Juez Presidente del juicio candenó á Isaac Padró y Felipe Reyes á cien dollars de multa y al pago de las costas por mitad.

*Resultando:* que contra esta sentencia se interpuso por el abogado defensor de los acusados recurso de apelación que le fué admitido; y sin que se hubiera formalizado el recurso, lo impugnó el Fiscal por escrito y oralmente; habiéndolo sostenido en el acto de la vista la representación de los recurrentes.

Abogado del apelante: *Sr. Rossy (Manuel F.)*

Abogado del apelado: *Sr. del Toro, Fiscal.*

From this judgment counsel for defendants took an appeal, which was allowed and without its having been perfected, the appeal was opposed by the *Fiscal*, both by brief and argument, and was sustained at the hearing by counsel for appellants.

Mr. *Manuel F. Rossy*, for apellants.

Mr. *del Toro, Fiscal*, for respondent.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court as follows:

It is provided by section 345 of the Code of Criminal Procedure that either of the parties in a criminal action amounting to a felony, may appeal to the Supreme Court, on questions of law alone, and sections 347 and 348 of the same code, in enumerating the decisions from which an appeal may be taken, make no mention of those rendered in actions for misdemeanor, from which it is clear, either from a consideration of the literal text of aforesaid section 345, or the rule of interpretation *inclusio unius est exclusio alterius*, that appeals lie only in actions for felony, especially when it is remembered that in the Code of Criminal Procedure of the State of California, from which the code now in force in this Island was largely taken, appeals are expressly allowed in actions for either felony or misdemeanor, whence it must be concluded that when in aforesaid section 345 no mention is made of appeals in actions for misdemeanor, the intention of the legislature was to withhold this remedy in such cases.

Isaac Padró and Felipe Reyes having been sentenced to pay a fine of one hundred dollars each, the crime of which they are convicted should be considered a misdemeanor, under section 14 of the Penal Code; wherefore the appeal allowed by the Mayagüez Court does not lie.

As said appeal does not lie, this Supreme Court has no jurisdiction over the subject matter, and the judgment must stand as rendered.

We adjudge that we should declare and do declare that

delito de que son responsables debe reputarse *misdemeanor*, con arreglo al artículo 14 del Código Penal, y por tanto es improcedente el recurso de apelación admitido por el Tribunal de Mayagüez.

*Considerando:* que siendo improcedente dicho recurso, esta Corte Suprema carece de jurisdiccion para conocer del mismo, quedando en su consecuencia subsistente la sentencia dictada.

*Fallamos:* que debemos declarar y declaramos no haber lugar al recurso de apelación admitido á los acusados Isaac Padró y Felipe Reyes, con las costas á cargo de los mismos; y remítase copia certificada de esta sentencia al Tribunal de Mayagüez para la ejecución y cumplimiento de la dictada en 2 de Mayo último.

the appeal taken by the defendants Isaac Padró and Felipe Reyes, which was allowed, does not lie, and impose the costs upon said appellants. A certified copy of this decision is ordered to be forwarded to the District Court of Mayagüez, for the execution of the judgment rendered on May 2, 1903.

Chief Justice Quiñones and Justices Figueras and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.